IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KLOEVER and | § | |
| CAMERON HENDERSON | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| ANDREW CLENNELL, CITY OF DALLAS | § | JURY DEMANDED |
| POLICE OFFICER | § | |
| DAVID BROWN, CITY OF DALLAS | § | |
| POLICE CHIEF AND | § | |
| CITY OF DALLAS, TEXAS | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES MICHAEL KLOEVER (hereinafter "Kloever") and CAMERON HENDERSON (hereinafter "Henderson"), hereinafter referred to as Plaintiffs, complaining of ANDREW CLENNELL, City of Dallas Police Officer (hereinafter "Clennell") DAVID BROWN, City of Dallas Police Chief (hereinafter "Brown") and the CITY OF DALLAS, TEXAS (hereinafter "Dallas"), and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1. Plaintiff, MICHALE KLOEVER is a citizen of Dallas County, Texas.

2. Plaintiff, CAMERON HENDERSON, is a citizen of Dallas County, Texas.

3. Defendant, ANDREW CLENNELL, is a citizen of Dallas County and may be served at the City of Dallas Police Department, 1400 South Lamar, Dallas, Texas 75215.

4. Defendant, DAVID BROWN, is a citizen of Dallas County, Texas and may be served at the City of Dallas Police Department, 1400 South Lamar, Dallas, Texas 75215.

5. Defendant, CITY OF DALLAS, is an incorporated city located within Dallas County, Texas, and pursuant Texas Civil Practice and Remedies Code §17.024(b), may be served with citation through the city secretary, Rosa Rios, Dallas City Hall, 1500 Marilla Street, Room 5D South, Dallas, Texas 75201.

## PRELIMINARY STATEMENT

6. Plaintiffs KLEOVER and HENDERSON, who were wrongfully and unlawfully assaulted and subjected to excessive force, commence this action pursuant to 42 U.S.C. §1983 and §1985, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the United States Constitution and laws.

7. Specifically, Plaintiffs allege that the wrongful and unlawful assault violates rights guaranteed Plaintiffs by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983 and §1985.

8. Plaintiffs also assert compensatory and punitive damages, together with a reasonable attorney's fee as authorized by 42 U.S.C. §1988 and §1985.

## JURISDICTION AND VENUE

9. Jurisdiction over Plaintiffs' constitutional claims for which redress is provided by 42 U.S.C. §1983 and §1985 is conferred to the court by 28 U.S.C. §1343(a)(3). Federal question jurisdiction is also conferred on this court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

## PARTIES

10. Plaintiff KLOEVER, is and was at all times relevant hereto, a citizen of the United States and a resident of Dallas County, Texas.

11. Plaintiff, HENDERSON, is and was at all times relevant hereto, a citizen of the United States and a resident of Dallas County, Texas.

12. Defendant, CLENNELL, is and was at all times relevant hereto, a police officer for the City of Dallas, Texas. At all times material to this cause of action, Defendant Clennell acted under color of law, and by virtue of the statutes, customs, ordinances and usages of the State of Texas and the City of Dallas Police Department. At all times material to this cause of action, Defendant Clennell was acting in furtherance and within the scope of his employment with the City of Dallas and its police department. It is and was his responsibility and duty not to wrongfully and unlawfully assault and use excessive force against innocent citizens, including Plaintiffs. It is and was also his responsibility and duty not to use his service pistol after becoming intoxicated and/or consuming alcoholic beverages. Finally, it is and was his duty not to assault and use excessive force against innocent citizens, including Plaintiffs, with his service pistol after becoming intoxicated and/or consuming alcoholic beverages.

13. Defendant BROWN, is and was at all times relevant hereto, a resident of Dallas County, Texas. Defendant Brown is and was at all times relevant hereto, the police chief and chief law enforcement official for the City of Dallas, Texas. It is Defendant Brown's responsibility and duty to select and approve training for all Dallas police officers. It is also Defendant Brown's responsibility and duty not to promulgate and/or enforce rules, policies and/or procedures that cause City of Dallas police officers to intentionally/knowingly violate the civil rights of innocent citizens, including plaintiffs.

14. Defendant, DALLAS, is a municipality located within the boundaries of the Northern District of Texas. It is Defendant, Dallas' responsibility and duty not to

promulgate official rules, policies and procedures that are the moving force behind the violation of an innocent citizen's civil rights by a City of Dallas police officer. It is also the responsibility and duty of Defendant City of Dallas to select, approve and provide training for Defendant, City of Dallas' law enforcement officers.

## FACTS

15. Plaintiff Kloever was acting within the course and scope of his employment for Delta Protection Group, as a uniformed security officer, on or about the premises of XTC Cabaret in the 8500 block of North Stemmons Freeway on or about August 14, 2011. Plaintiff Henderson, was a patron of the XTC Cabaret, who was leaving the club premises at approximately 3:30 a.m. on or about August 14, 2011. Plaintiff Henderson walked to his car in the parking lot and began to drive out of the parking lot, when he heard a voice say "stop" and then saw a man approach his window with a drawn pistol pointed at him. Because of the time of day, location, and the failure of the person with the gun to identify himself as a security officer, Plaintiff Henderson exited his car and began running across the parking lot to escape the armed man. While Plaintiff Henderson was attempting to leave the club, Defendant Clennell, who was off duty and not wearing his City of Dallas Police Department uniform, was attempting to enter the club. While attempting to enter the club with his service pistol, Defendant Clennell became aware of a security guard chasing Plaintiff Henderson in a nearby parking lot. Despite being off duty, out of uniform and having consumed alcoholic beverages, Defendant Clennell began running toward Plaintiff with his service pistol in hand. He was spotted by Plaintiff Kloever, who attempted to intercept Defendant Clennell, as was within his duties as a security officer, seeing a person in plain clothes chasing someone in

the parking lot. Plaintiff Kloever was initially unaware that Defendant Clennell was a Dallas police officer because Defendant Clennell was not wearing his uniform or displaying his Dallas Police Department badge. As Plaintiff Kloever approached Defendant Clennell and attempted to intervene, Defendant Clennell struck Kloever in the face with the pistol and identified himself as a Dallas Police Officer. Defendant Clennell then continued toward Plaintiff Henderson, who had fallen down, shouting "DPD" and "Dallas Police Department". Upon arriving at the location where Plaintiff Henderson had fallen, Defendant Clennell repeatedly struck Plaintiff Henderson in the back of the head with his pistol.

16. All of the acts and/or omissions complained of herein against Defendant Clennell were committed as an off duty Dallas police officer acting under color of state law. Defendant Clennell identified himself as "DPD" and/or Dallas Police Department" immediately before assaulting both Plaintiff Kloever and Plaintiff Henderson. Additionally, Defendant Clennell assaulted Plaintiff Kleover and Plaintiff Henderson with his Dallas Police Department service pistol. The same pistol that he was attempting to enter the XTC Cabaret club with immediately prior to the actions complained of herein. Finally, all acts and/or omissions complained of herein were committed by Defendant Clennell after he had become intoxicated and/or consumed alcoholic beverages which made him a danger to himself and citizens of Dallas County, including Plaintiffs.

17. Defendants Brown and Dallas promulgated rules, policies, procedures and/or training which caused Defendant Clennell to be at XTC Cabaret at approximately 3:30 a.m. with his service pistol, after consuming alcoholic beverages, which made Defendant

Clennell a danger to himself and the citizens of Dallas County, including Plaintiffs. Specifically, Plaintiffs allege that Defendant Brown and City of Dallas promulgated and enforced the following policies, procedures and/or training methods which violated Plaintiffs' civil rights pursuant to 42 U.S.C. §1983, to-wit:

    a.    In authorizing the possession and use of a Dallas Police Department service pistol by an off duty Dallas police officer after consuming alcoholic beverages and/or becoming intoxicated.

    b.    Authorizing the possession and/or use of a Dallas Police Department service pistol by an off duty Dallas police officer at a sexually oriented business where alcoholic beverages were being consumed.

    c.    In authorizing and/or allowing an off duty Dallas police officer to utilize a Dallas Police Department service pistol to assault Dallas County citizens, including Plaintiffs, without any evidence that a crime had been or was about to be committed by Plaintiffs.

    d.    Authorizing an off duty Dallas police officer to use excessive force when attempting to apprehend a Dallas County citizen, including Plaintiffs when said officer had no evidence that a crime had been or was about to be committed by Plaintiffs.

## CAUSE OF ACTION

18.    The facts as set out above amount to unlawful assault, excessive force, the unlawful arrest, incarceration and deprivation of liberty, in violation of the rights guaranteed to Plaintiffs by the Fourth Amendment of the United States Constitution made

applicable to these Defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983 and for which statutory attorney's fees are authorized by 42 U.S.C. §1988.

19. Defendants Clennell, Brown and the City of Dallas are separately, and jointly and severally, liable to Plaintiffs for compensatory damages and statutory attorney's fees. In addition, Defendants are separately liable for punitive damages.

20. Plaintiff further contend that Defendants were engaged in a conspiracy and/or agreement to violate Plaintiffs' constitutional and civil rights for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws and equal privileges and immunities under the laws of the State of Texas, as well the United States Constitution. Plaintiff Henderson is of the African-American race and was individually discriminated against by the acts, omissions and wrongful conduct described herein. Plaintiffs further contend that each of the Defendants perpetrated many acts in furtherance of their wrongful discriminatory conspiracy and agreement, said acts being specifically enumerated in this complaint. Plaintiffs Further contend that the conspiracy on the part of Defendants was a direct and/or producing and a proximate cause of the unlawful and excessive use of force, unlawful assault, excessive force, arrest, incarceration and deprivation of liberty in violation of the rights guaranteed to Plaintiffs by the Fourth Amendment to the United States Constitution made applicable to these Defendants by the Fourteenth Amended to the United States Constitution and all of Plaintiffs damages as pled for herein. Plaintiffs further contend that the Defendants, because of their unlawful and illegal conspiracy, are liable pursuant to 42 U.S.C. §1985

for all of Plaintiffs' damages, including statutory attorney's fees with are authorized by 42 U.S.C. §1988 and §1985.

21. Plaintiffs contend that the Defendant, City of Dallas, through the acts and/or omissions of their agents, servants and employees, including, but not limited to Defendants Clennell and Brown while acting in the course and scope of their employment for the City of Dallas, caused the unlawful assault, excessive use of force, arrest, incarceration and deprivation of liberty in violation of the rights guaranteed Plaintiffs by the Fourth Amendment to the United States Constitution and made applicable to these Defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983and for which statutory attorney's fees are authorized by 42 U.S.C. §1988. Plaintiffs further allege that the Defendant City of Dallas had in place express policies and/or practices and/or customs, which, when enforced caused a constitutional deprivation of Plaintiffs' rights, and his damages as set out and pled for herein. In addition, Plaintiffs allege that Defendant City of Dallas had in place wide spread practices that were permanent and well settled so as to constitute custom or usage of the Defendants. Plaintiffs further show that the implementation and following of the Defendants' policies, procedures and/or customs were a direct and moving force behind the violation of Plaintiffs' civil rights, as well and the injuries and damages pled for and setout herein.

## DAMAGES

22. Defendants proximately caused Plaintiffs Kloever and Henderson to suffer the following damages in the past, and in all probability, in the future:

    a. loss of liberty;

    b.    severe mental anguish;

    c.    severe emotional distress;

    d.    pain and suffering;

    e.    disfigurement, impairment;

    f.    loss of earning capacity;

    g.    loss for necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices;

    h.    humiliation, embarrassment and damages to their reputation;

    i.    attorney's fees.

Plaintiffs further contend that the Defendants are separately and jointly and severally liable to Plaintiffs compensatory damages and statutory attorney's fees. In addition, Defendants are separately liable for punitive damages.

## JURY DEMAND

23. Plaintiffs request that a jury be convened to try the factual issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court enter judgment on behalf of Plaintiffs against Defendants, ANDREW CLENNELL, DAVID BROWN and the CITY OF DALLAS, jointly and severally, and separately, in an amount in excess of the jurisdictional limits of this court; enter judgment for punitive damages on behalf of Plaintiffs against Defendants, ANDREW CLENNELL, DAVID BROWN and the CITY OF DALLAS separately, in their individual capacities, in an amount sufficient to punish Defendants for their misconduct in this case and in an amount to deter Defendants and others from doing the same thing to someone else in the future,

that Plaintiff recover reasonable attorney's fees, their costs herein expended, pre-judgment and post-judgment interest as authorized by law, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

LUKE BICKHAM, P.C.
515 South Vine Avenue
Tyler, Texas 75702
903-533-8820
luke@lukebickham.com

By: _____
LUKE F. BICKHAM
*Attorney in Charge*
SBOT: 00787080

ATTORNEY FOR MICHEAL KLOEVER

MICHAEL A. SMITH & ASSOCIATES
2603 Oak Lawn Avenue, Suite 200
Dallas, Texas 75219
214-522-7405
214-559-0581 – fax
Maslaw@flash.net

By: _____
MICHAEL A. SMITH
*Attorney in Charge*
SBOT: 00785003

ATTORNEY FOR CAMERON HENDERSON