**United States District Court**
**Northern District of Texas**
**Dallas Division**

| | | |
|---|---|---|
| **Michael Kloever and** | § | |
| **Cameron Henderson,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-02709-G** |
| | § | |
| **Andrew Clennell, City of Dallas** | § | |
| **Police Officer, et al.,** | § | |
| **Defendants.** | § | |

**<u>Defendant Andrew Clennell's Original Answer</u>**

Defendant Andrew Clennell ("Clennell") files this original answer to Plaintiffs' First Amended Complaint ("Complaint"), and shows the following:

**<u>Answer to Plaintiffs' Allegations</u>**

1.     Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 1 of the Complaint.

2.     Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of the Complaint.

3.     Clennell denies the allegations contained in the first sentence of paragraph 3 of the Complaint. Clennell denies, as stated, the allegations contained in the second sentence of paragraph 3 of the Complaint, and admits that he has been served.

4.     Clennell admits the allegations contained in paragraph 4 of the Complaint.

5.     Clennell denies the allegations contained in paragraph 5 of the Complaint that Plaintiffs were wrongfully and unlawfully assaulted and subjected to excessive force, and admits the allegations in that paragraph that Plaintiffs commenced this action pursuant

to 42 U.S.C. § 1983.

6.      Clennell denies the allegations contained in paragraph 6 of the Complaint.

7.      Clennell denies the allegations contained in paragraph 7 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, interest, or court costs – requested by Plaintiffs against Clennell.

8.      Clennell admits the jurisdictional allegations contained in paragraph 8 of the Complaint, except that Clennell denies that Plaintiffs have stated a claim upon which relief can be granted and denies that Plaintiffs are entitled to redress for their purported claims.

9.      Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 9 of the Complaint.

10.      Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 10 of the Complaint.

11.      Clennell admits the allegations contained in the first, second, and third sentences of paragraph 11 of the Complaint. Clennell admits the allegations contained in the fourth sentence of paragraph 11 that it is and was his responsibility and duty not to wrongfully and unlawfully assault and use excessive force against citizens, including Plaintiffs, and denies that he wrongfully or unlawfully assaulted or used excessive force against either Plaintiff. Clennell denies, as stated, the allegations contained in the fifth sentence of paragraph 11 and admits that it is and was his responsibility and duty to use his pistol only in compliance with law and police department orders and procedures, and denies that he improperly used his pistol with respect to Plaintiffs. Clennell admits the allegations contained in the sixth sentence of paragraph 11 that it is and was his duty not to

assault and use excessive force against citizens, including Plaintiffs, with his service pistol after becoming intoxicated and/or consuming alcoholic beverages, and denies that he assaulted or used excessive force against either Plaintiff with his pistol after becoming intoxicated and/or consuming alcoholic beverages.

12.     Clennell admits the allegations contained in paragraph 12 of the Complaint.

13.     Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, fourth, eighth, and ninth sentences of paragraph 13 of the Complaint. Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 13, except that Clennell admits that a man approached Henderson's window with a drawn pistol pointed at Henderson. Clennell is without knowledge or information sufficient to form a belief as to the truth of the allegations, as stated, contained in the fifth sentence of paragraph 13, but admits that he attempted to enter the club while off duty and not wearing his City of Dallas Police Department uniform. Clennell denies, as stated, the allegations contained in the sixth sentence of paragraph 13, and admits that after he had attempted to enter the club with his pistol, he and a security guard chased Henderson in a nearby parking lot. Clennell denies, as stated, the allegations contained in the seventh sentence of paragraph 13, and admits that while he was off duty, out of uniform, and had previously consumed alcoholic beverages, he approached Henderson and a security guard with his pistol in hand. Clennell denies, as stated, the allegations contained in the tenth sentence of paragraph 13, and admits that someone – who turned out to be Kloever – came up close behind him while he was attempting to handcuff Henderson and, when he turned to face Kloever, his gun accidentally struck Kloever in the cheek. Clennell denies, as stated,

the allegations contained in the eleventh sentence of paragraph 13, and admits that the events alleged in that sentence occurred before, and not after, Kloever came up behind him. Clennell denies the allegations contained in the twelfth sentence of paragraph 13.

14.     Clennell denies, as stated, the allegations contained in the first sentence of paragraph 14 of the Complaint and admits that at the time of the incident involving Plaintiffs, he was an off-duty Dallas police officer acting under color of law. Clennell denies the allegations contained in the second sentence of paragraph 14 but admits that he identified himself as a Dallas police officer during the incident involving Plaintiffs. Clennell denies the allegations contained in the third, fourth, and fifth sentences of paragraph 14.

15.     Clennell denies the allegations contained in paragraph 15 of the Complaint.

16.     Clennell denies the allegations contained in paragraph 16 of the Complaint.

17.     Clennell denies the allegations contained in paragraph 17 of the Complaint.

18.     Clennell denies the allegations contained in paragraph 18 of the Complaint.

19.     Clennell denies the allegations contained in paragraph 19 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, interest, or court costs – requested by Plaintiffs against Clennell.

20.     Paragraph 20 of the Complaint contains a jury demand to which no response is necessary.

21.     Clennell denies the allegations contained in the prayer for relief, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, interest, or court costs – requested by Plaintiffs against Clennell.

**Affirmative Defenses**

22.     Clennell affirmatively pleads that Plaintiffs have failed to state a claim against Clennell upon which relief can be granted.

23.     Clennell affirmatively pleads that he did not engage in any conduct that violated Plaintiffs' constitutional rights.

24.     Clennell affirmatively pleads that all actions taken by him with respect to Plaintiffs were in good faith and within the course and scope of his authority as a City of Dallas police officer and were pursuant to and in accordance with Dallas Police Department orders and procedures, Clennell's duty assignments, City of Dallas policies and ordinances, and state and federal laws.

25.     Clennell affirmatively pleads that Plaintiffs' alleged damages, if any, were caused by Plaintiffs' own actions and not by any actions of Clennell.

26.     Clennell affirmatively pleads that probable cause existed for the detention of Henderson in connection with the incident on which Plaintiffs' claims are based.

27.     Clennell affirmatively pleads that Plaintiffs have failed to allege any physical injury more than *de minimus* sustained by Plaintiffs that resulted directly and only from the use of force by Clennell that was clearly excessive to the need and that was objectively unreasonable.

28.     Clennell affirmatively pleads that he is entitled to qualified immunity. At all relevant times Clennell was acting in good faith and within the course and scope of his authority as a City of Dallas police officer, he did not violate clearly established law of which a reasonable person would have known, and a reasonable officer could have believed that his actions were lawful in light of clearly established law and the information he possessed

at the time. Specifically, Clennell further pleads the following as part of his qualified immunity defense:

a.       Clennell asserts that, based upon the information known to him at the time, he reasonably believed probable cause existed to detain Henderson for hitting a security guard with his vehicle. At the time, the security guard had his gun out and pointed at Henderson. Subsequently, when Henderson ran from Clennell, Clennell reasonably believed probable cause existed to pursue Henderson and restrain him.

b.       Clennell further asserts that he used only that amount of force that was reasonably necessary to detain and restrain Henderson. When Clennell first approached Henderson with his gun drawn and identified himself as a Dallas police officer, Henderson ran from Clennell. Clennell pursued Henderson, caught him, and handcuffed him. The force Clennell had to use in doing so was objectively reasonable under the circumstances known to Clennell, which included the information that Henderson had hit a security guard with his vehicle and the knowledge that Henderson ran from Clennell when Clennell attempted to detain him.

c.       With respect to Kloever's claim that Clennell used excessive force against him, Clennell was never attempting to detain or arrest Kloever. Kloever came up close behind Clennell while Clennell was attempting to handcuff Henderson. Clennell did not know at the time who was behind him and he acted in an objectively reasonable manner by turning to face Kloever to see who was behind him. Clennell was holding his gun when he turned, and the gun accidentally struck Kloever in the cheek.

**Jury Demand**

29.     Clennell demands a trial by jury.

**Wherefore,** Defendant Andrew Clennell prays that Plaintiffs take nothing by this suit, that all relief requested by Plaintiffs be denied, that Clennell recover his attorney's fees and all costs of court, and that Clennell be awarded all other relief to which he is entitled.

Respectfully submitted,

 /s/ Mark E. Goldstucker
**Mark E. Goldstucker**
State Bar of Texas No. 08104100
Attorney-in-Charge
**Brown & Hofmeister, L.L.P.**
740 East Campbell Road, Suite 800
Richardson, Texas 75081
Telephone: 214-747-6100
Fax: 214-747-6111
Email: mgoldstucker@bhlaw.net

**Attorneys for Defendant Andrew Clennell**

**Certificate of Service**

On September 10, 2013, a copy of the foregoing document was served electronically through the Court's ECF system on all counsel of record.

 /s/ Mark E. Goldstucker
**Mark E. Goldstucker**